U.S. BANCORP AND SUBSIDIARIES,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4531)

William S. Manne, Miller Nash LLP, Portland, took no position for Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed the Motion for Reconsideration for Defendant (the department).

Order granting Defendant's Motion for Reconsideration filed November 18, 2003.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on a Motion for Reconsideration filed by Defendant Department of Revenue (the department). Pursuant to TCR 80, the department requested the court to reconsider certain language in its earlier Opinion in this matter. Plaintiff (taxpayer) has taken no position on the request for reconsideration.

Having considered the department's request, the court clarifies its earlier Opinion.

## I. CLARIFICATION ON TIME OF NOTIFICATION BY TAXPAYER TO THE DEPARTMENT

In the initial Opinion the court stated, in part:

"The stipulations and other evidence show that the NODs were issued within the period of the State Extension, and that the State Extension was concluded within two years of notification by taxpayer of the federal changes (an event that occurred on February 14, 1997)."

*U.S. Bancorp v. Dept. of Rev.*, 17 OTR 232 (2003).

The department objects to any implication in the Opinion that the written communication sent by taxpayer to the department on February 14, 1997, Plaintiff's Exhibit 28, necessarily constituted the notice required by the statute. The department asserts, and taxpayer does not disagree, that notification occurred no earlier than February 14, 1997, and it is not necessary to determine whether the notification given on that date constituted adequate notice under ORS 314.410(3).[1] In granting the department's request for reconsideration on that point, the parenthetical expression contained in the text quoted above is amended to read "(an event that no party asserts occurred earlier than February 14, 1997)."

## II. CORRECTION AS TO CONCESSION BY TAXPAYER

Without objection from taxpayer, the department has requested that the statement of procedural history of the case be corrected to state that taxpayer's concession to the department's counterclaim regarded only the receipts factor of the apportionment calculation. Accordingly, the second sentence of the Opinion paragraph immediately preceding the section entitled "II. FACTS" located at page 3 of the court's Opinion is amended to read: At trial, taxpayer conceded defendant's counterclaim regarding the application of certain administrative rules in calculating taxpayer's liability under the receipts factor of the apportionment calculation.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1995.

IT IS ORDERED that Defendant's Motion for Reconsideration is granted, and

IT IS FURTHER ORDERED that the court's Opinion entered October 16, 2003, is modified as set out above.